U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID W TAYLOR | CIVIL ACTION NO. 05 cv 771 |
| VERSUS | SECTION "P" |
| US DEPT. OF JUSTICE, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This complaint was referred to the undersigned Magistrate Judge for review, report and recommendation pursuant to this court's standing order.

## BACKGROUND

Before the Court is a Bivens[1] action filed by *pro se* Plaintiff, **DAVID W TAYLOR**, ("Plaintiff"). Plaintiff is currently incarcerated at the US Penitentiary in Pollock, Louisiana ("Pollock").

On June 28, 2005, Plaintiff objected to the Report and Recommendation issued by the undersigned dismissing his complaint

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971) affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. *See* Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers. *citing* Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir.1993)). Accordingly, since Plaintiff is seeking redress for violations of his constitutional rights by an employee of a federal penitentiary, not state actors, his claim is properly brought pursuant to Bivens, and not 42. U.S.C. § 1983.

for failure to exhaust administrative remedies. [Doc. 12]. Plaintiff objected on the grounds that the prison failed to respond to his first level administrative remedy, hence, his exhaustion efforts were effectively exhausted. [Doc.12, p.1] This has no merit.

The BOP has established a three step administrative remedy process, codified at 28 C.F.R. § 542.11 which provides for administrative review of grievances at the institutional, regional and national level. See, 28 C.F.R. § 542. 13, et seq. If a level rejects the remedy, the inmate may appeal to the next level within a designated time period. **If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.** See 28 C.F.R. § 542.18.

Plaintiff must appeal to the next level in a timely manner despite a failure to respond by prison officials. He has admittedly failed to do so. As such, this objection is **DENIED**.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Plaintiff's objection be **DENIED** and his complaint be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 22nd day of July, 2005.

---
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE